65 F.3d 167
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Tobias MAY, Defendant-Appellant.
 No. 94-5268.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 14, 1995.
Decided: Sept. 5, 1995.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (CR-93-180-R)
 ARGUED: Wayne D. Inge, Roanoke, Virginia, for Appellant. Karen Breeding Peters, Assistant United States Attorney, Roanoke, VA, for Appellee. ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted David T. May of violating 18 U.S.C. Sec. 922(g)(1), finding him to be a felon in possession of a firearm and ammunition that had been transported in interstate commerce. May was acquitted on a Sec. 922(k) count, which had charged him with knowing possession of a firearm with an obliterated serial number. May now appeals, and we affirm.
 
 
 2
 * On September 22, 1993, the Wythe County, Virginia, Sheriff's Department received word from authorities in neighboring Bland County to be on the lookout for David T. May, who was driving a black Chevrolet S10 pickup, and who was named in an outstanding warrant for unauthorized use of the truck. The Wythe County Sheriff's Department was also told that May was wanted for murder in Kentucky. Later that day, Wythe County officers sighted the black pickup on Interstate 81 and pulled May over to the side of the road. One of May's passengers, Michael McClanahan, got out of the truck, leaving May and another passenger inside. When two officers left their cars to place May under arrest, May suddenly sped off. The officers took off in pursuit.
 
 
 3
 May led the Wythe County officers on a dangerous chase resembling something out of "The Dukes of Hazzard." In setting the course, May wound through heavy traffic along Interstates 81 and 77, on occasion reaching speeds of more than 100 miles per hour. At one point May crossed the median, cutting in front of oncoming cars. He was, however, unable to shake the police. May was arrested when he finally stopped--in the parking lot of the Wythe County jail.
 
 
 4
 During the chase the remaining passenger in the pickup, Jennifer McClanahan, threw a gun out the window. When the police finally captured May, they found .38 caliber bullets in the pickup. One of the arresting officers also "found seven .38 special cartridges in [May's] front pocket." The gun, a nickel-plated .38 caliber revolver with wood grain grips, eventually was recovered. The serial number on the butt of the gun had been filed away. This evidence led to May's indictment for federal firearms and ammunition violations.
 
 
 5
 At trial May's primary defense was that the revolver and bullets were not his, but instead belonged to Jennifer McClanahan. The jury, however, found him guilty of possessing both. On appeal May claims that the district court erred in allowing evidence about his pending murder charge and that the Speedy Trial Act was violated.
 
 II
 
 6
 At trial the prosecution was allowed to introduce evidence of the murder charge in Kentucky after May testified that he fled from the police because he feared they would hurt him. May asserts that Federal Rules of Evidence 404(b) and 403 precluded this evidence.
 
 
 7
 Under Rule 404(b), evidence of a criminal defendant's other bad acts is not admissible to show his or her propensity to violate the law. However, evidence of other bad acts is admissible for certain purposes unrelated to a defendant's bad character, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b); see, e.g., United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988).
 
 
 8
 The prosecution, as is permitted, offered evidence of May's flight to prove his consciousness of guilt. See United States v. Kelley, 981 F.2d 1464, 1472 (5th Cir.), cert. denied, 113 S.Ct. 2427 (1993). May sought to controvert that interpretation of his flight by explaining that he fled out of fear of physical harm from the police. May's motive for flight was therefore in issue in this case. In these circumstances, evidence of the Kentucky murder charge fell within the "motive" exception to Rule 404(b). Nor did allowing the evidence violate Rule 403. The prejudice associated with admitting evidence about the murder charge did not "substantially outweigh" its probative value. Its probative value was significant because it allowed the prosecution to controvert May's expressed motive for his flight.
 
 
 9
 Finally, the district court gave the jury an appropriate cautionary instruction limiting its use of the information about the murder charge:
 
 
 10
 [T]he fact that you have heard evidence that the Defendant was charged with capital murder in Kentucky is not evidence of the Defendant's guilt in this case. This evidence is not evidence of the Defendant's guilt in any way, or that he's more likely to commit the offense with which he is charged here today.
 
 
 11
 It was simply admitted solely for the purpose of explaining as [sic] one possible motive for his flight.
 
 
 12
 May's arguments under Rules 404(b) and 403 are without merit.
 
 III
 
 13
 May further argues that because his trial began 71 days after his indictment, his convictions must be reversed on the ground that trial began after the 70-day limit set by the Speedy Trial Act, 18 U.S.C. Sec. 3161. This claim also is without merit.
 
 
 14
 Between indictment and trial, May made motions on January 13 and 14, 1994. The first motion was decided on January 13. The second motion was decided on January 21. The 70-day Speedy Trial clock does not run "from the filing of [a] motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. Sec. 3161(h)(1)(F). See also 18 U.S.C. Sec. 3161(h)(1)(J) (Speedy Trial clock stops for a reasonable period "not to exceed thirty days" while "any proceeding concerning the defendant is actually under advisement by the court"). May's motions were decided promptly, and therefore the nine days between January 13 and January 21, inclusive, are properly excluded. See, e.g., Henderson v. United States, 476 U.S. 321, 331 (1986); United States v. Parker, 30 F.3d 542, 549 (4th Cir.), cert. denied, 115 S.Ct. 605 (1994). May was brought to trial within the statutory period.
 
 IV
 
 15
 The judgment is affirmed.
 
 
 16
 AFFIRMED.